## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUNICE ALLEN-MURPHY,     :
    Plaintiff,         :
              :
   v.           :     CIVIL ACTION NO. 25-CV-3330
              :
GYMONE MURPHY,       :
    Defendant.      :

### <u>MEMORANDUM</u>

PEREZ, J.                                   **SEPTEMBER  29, 2025**

Plaintiff Eunice Allen-Murphy initiated this civil action by filing a *pro se* Complaint against her former husband, Gymone Murphy.  (ECF No. 2.)  She later filed an Amended Complaint (ECF No. 5) and then, a Second Amended Complaint (ECF No. 8).  She moves for leave to proceed *in forma pauperis* (ECF Nos. 1 & 7) and has also filed a "Notice of Praecipe for Default Judgment" (ECF No. 9).  For the following reasons, the Court will grant the motion for leave to proceed *in forma pauperis*, dismiss the Second Amended Complaint as unauthorized,[1] and dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. §

---

[1] Allen-Murphy submitted a second amended complaint (ECF No. 8) on August 14, 2025. Under the Federal Civil Rules of Procedure, a party may amend his complaint *once* as a matter of course according to the provisions of Rule 15(a)(1), but otherwise it may only amend with an opposing party's written consent "or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Allen-Murphy neither provided written consent nor did she seek or obtain the Court's leave.  Accordingly, the operative complaint considered for screening purposes under 28 U.S.C. § 1915(e)(2)(B) is the Amended Complaint (ECF No. 5), which superseded the original Complaint.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.") (citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.  The "Notice of Praecipe for Default

Judgment" will be stricken.

## I.    FACTUAL ALLEGATIONS[2]

Allen-Murphy alleges that she was previously married to Defendant Murphy.  (ECF No.

5 at 3.)  She provides a New Jersey address for herself and a Pennsylvania address for her former

husband.[3]  (*Id*. at 1-2.)  While married, she and Murphy started a plumbing business and water

ice truck business to honor their son, who later passed away.  (*Id*. at 3.)

---

[2]  The factual allegations are taken from Allen-Murphy's Amended Complaint, which consists of the Court's form complaint plus additional pages that Allen-Murphy attached.  (ECF No. 5.)  The Court may also consider publicly available dockets that are relevant to Allen-Murphy's claims. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[3]  Allen-Murphy filed a prior civil action against her former husband in March 2025, also alleging constitutional and state law violations.  *See Allen-Murphy v. Murphy*, No. 25-1494, 2025 WL 1902299, at *3 (E.D. Pa. July 8, 2025).  Her Complaint in that case was dismissed without prejudice to filing an amended complaint, which she has now done.  *Id*., at ECF Nos. 9, 10.  The claims in that action concern alleged physical abuse by Murphy, while this action alleges a breach of contract.  Allen-Murphy is nevertheless cautioned that she may not present the same claims based on the same events, in two separate civil actions.  "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d. 579, 589-90 (W.D. Pa. 2008); *see also Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (*per curiam*) ("A Court may choose to dismiss a duplicative claim as frivolous or malicious. . . .").  As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*) (stating that the plaintiff "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *see also Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (*per curiam*) (affirming dismissal of second pending action as duplicative); *McKenna v. City of Philadelphia*, 304 F. App'x 89, 92-93 (3d Cir. 2008) (same).  If Allen-Murphy files a third amended complaint in this matter, the Court will consider if it is repetitious or duplicative of Civil Action No. 25-1494.

According to documents attached to the complaint form, it appears that the businesses were named "Murphy's Plumbing, LLC" and "G5 Ice Life." (*Id*. at 5, 6-8.)  Among the documents submitted to the Court, Allen-Murphy attaches a photograph of a spreadsheet with "Murphy's Plumbing, LLC" at the top, which purportedly contains information about completed work and payments made for the first three months of 2022.[4] (*Id*. at 5.)  The monthly revenue totals are highlighted in orange: $10,588.80 for January, $3,844 for February, and $10,588.80 (or possibly $10,888.80) for March. (*Id*.)  Allen-Murphy did not include financial information about the water ice truck business.  Allen-Murphy states that she never received any proceeds from either business because Murphy "failed in his promise by not adhering to" what they had agreed upon "before being divorced and after upon [*sic*] the death of [their] son." (*Id*. at 3.)  Allen-Murphy claims that her daughter witnessed discussions about the agreement between her and Murphy. (*Id*.)

In July 2025, Allen-Murphy filed this civil action alleging a Fourteenth Amendment due process violation and a breach of contract claim under state law. (*Id*. at 2.)  She apparently seeks to recover the funds allegedly owed by Murphy under the agreement. (*Id*. at 2-3.)

## II.    STANDARD OF REVIEW

Allen-Murphy appears to be incapable of paying the filing fees to commence this action, so the Court will grant her leave to proceed *in forma pauperis*.  When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it

---

[4]  Although the spreadsheet is titled "Murphy's Plumbing, LLC", a closer look at the data it contains reveals that only about a quarter of the customer visits appear to have been handled by the company doing business as "Murphy's Plumbing" while the rest were completed by a variety of other plumbing companies. (ECF No. 5 at 5.)  It is not evident why the spread sheet contains data apparently concerning other plumbing companies.  In addition, it contains errors: the Monthly Total for March is entered as "$10,588.80" or "$10,888.80" (the digits are blurry on the copy in the record), but the amounts listed above it for that month only total $3,200.80.

determines, among other things, that the Complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing the Complaint under §1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this point, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Allen-Murphy is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them sua sponte." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

III.    DISCUSSION

A.   Claim Under 42 U.S.C. § 1983

Allen-Murphy brings her Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Allen-Murphy's constitutional claim is not plausible because Murphy is not a state actor acting under color of state law.[5] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims); *see also  Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted) ("Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself.")).  Because there is no plausible allegation that the state played any role in Murphy's alleged participation in an agreement to share profits of private businesses with his then-wife, the Court will dismiss the § 1983 claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5] In her other civil matter filed against Murphy in this Court, Allen-Murphy claimed that Murphy was a state actor because he was a SEPTA employee.  *See Allen-Murphy*, 2025 WL 1902299, at *3.  However, as the Court explained in that case, Murphy's conduct toward his wife does not become state action by virtue of his SEPTA employment.  *Id.*

**B. State Law Breach of Contract Claim**

Allen-Murphy asserts a breach of contract claim against Murphy under state law.[6]  (*See* ECF No. 5 at 2.)  Because the Court has dismissed the federal claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim.  The only independent basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d at 104 (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72

---

[6] Allen-Murphy refers to her state law claim as "Breach of Contract of Personal Injury." (ECF No. 5 at 2.)  The Court understands the claim as one of breach of contract rather than a tort claim.  Pennsylvania courts recognize the "gist of the action" doctrine that distinguishes between breach of contract claims and tort claims. *See generally Hart v. Arnold*, 884 A.2d 316, 339 (Pa. Super. Ct. 2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006).  To the extent the reference to "personal injury" attempts to raise a tort claim in addition to a breach of contract claim, the tort claim would be foreclosed by gist of the action doctrine because Allen-Murphy alleges no facts involving tortious conduct in the Amended Complaint.  Rather, she claims that the parties had an agreement to share profits from mutually owned businesses and that the Defendant failed to share the monies as allegedly agreed. *See eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002) (noting that the gist of the action doctrine prevents "plaintiffs from recasting ordinary breach of contract claims into tort claims").  Allen-Murphy also references 42 Pa. Cons. Stat. § 5524, with her contract claim.  (ECF No. 5 at 2.)  That provision contains a two-year statute of limitations that applies to various tort offenses in Pennsylvania.  It does not apply to breach of contract claims, which are subject to a four-year statute of limitations. *See* Pa. Cons. Stat. § 5525(a)(1).

(1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."  *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).

Allen-Murphy provides a New Jersey address for herself, which suggests that she may be a New Jersey citizen, although she does not specifically allege her citizenship.  (ECF No. 5 at 1.)  She provides a Pennsylvania address for Murphy, but again, she does so without alleging citizenship.  (*Id.* at 2.)  Residency alone is generally insufficient to adequately allege citizenship.  *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting that use of the term "resident," rather than "domiciliary" or "citizen," is an improper means of pleading citizenship for purposes of diversity jurisdiction).  Even if she had properly pleaded diverse citizenship of the parties in the Amended Complaint, the Court would still lack jurisdiction under § 1332(a) because her claim does not meet the amount-in-controversy threshold.  The Amended Complaint does not contain a statement of damages, but Allen-Murphy appears to rely on the photographed spreadsheet detailing alleged amounts that Murphy's Plumbing received in January through March 2022.  (ECF No. 5 at 5.)  As noted in footnote 4 above, the spreadsheet contains obvious inconsistencies or errors.  But even taking the monthly totals provided on the spreadsheet at face value, they add up to close to $25,000, well below the $75,000 amount-in-controversy required for this Court to exercise jurisdiction.  *Kalick v. Nw. Airlines Corp.*, 372 F.

App'x 317, 322 (3d Cir. 2010) (affirming the district court's ruling that diversity jurisdiction was lacking because plaintiff's plausible damages were well below $75,000).

This claim will thus be dismissed for lack of subject matter jurisdiction. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))). Allen-Murphy will be given a final opportunity to file an amended complaint that clarifies her jurisdictional allegations and alleges a plausible factual and legal basis for the breach of contract claim she wants to assert. Alternatively, she may opt to refile her claim in state court, where federal jurisdiction will not be an issue.

## III.    CONCLUSION

For the foregoing reasons, the Court will grant Allen-Murphy's motion to proceed *in forma pauperis* and dismiss Allen-Murphy's claim pursuant to 42 U.S.C. § 1983 with prejudice because it is not plausible. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The breach of contract claim alleged under state law will be dismissed for lack of subject matter jurisdiction. That dismissal will be without prejudice to Allen-Murphy filing a second amended complaint if she can allege a basis for subject matter jurisdiction over her state claim or, alternatively, filing a complaint in the proper state court so she may proceed on her claims in that venue.[7] The "Notice of Praecipe for Default Judgment" will be stricken.[8]

---

[7] On this review for subject matter jurisdiction, the Court expresses no opinion on the merit of Allen-Murphy's claims. Should Allen-Murphy seek to file a third amended complaint in this Court, she must allege facts that support her legal theory of breach of contract, and refrain from simply asserting vague and conclusory legal assertions as she has in her Amended Complaint. *See Iqbal*, 556 U.S. at 678.

[8] Allen-Murphy's motion seeking default judgment is improper because the Defendant has not been served in this case. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

_____

**HON. MIA ROBERTS PEREZ**

---

1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").