## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUNICE ALLEN-MURPHY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-3330** |
| | : | |
| **GYMONE MURPHY,** | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of September, 2025, upon consideration of Plaintiff Eunice Allen-Murphy's Motion to Proceed *In Forma Pauperis* (ECF Nos. 1 & 7), Complaint (ECF Nos. 2 & 6), Amended Complaint (ECF No. 5), Second Amended Complaint (ECF No. 8), and "Notice of Praecipe for Default Judgment" (ECF No. 9), it is **ORDERED** that:

1.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  The Complaint and Amended Complaint are **DEEMED** filed.

3.  The Clerk of Court is **DIRECTED** to **STRIKE** the Second Amended Complaint as unauthorized.

4.  The Amended Complaint is **DISMISSED  IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows for the reasons in the Court's Memorandum:

    a.  The claim alleged pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

    b.  The state law breach of contract claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5.      The "Notice of Praecipe for Default Judgment" is **STRICKEN**.  The case has not yet been served.

6.      Allen-Murphy may file a second amended complaint within thirty (30) days of the date of this Order.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Allen-Murphy's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim.  When drafting her second amended complaint, Allen-Murphy should be mindful of the Court's reasons for dismissing the claims in her Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.      The Clerk of Court is **DIRECTED** to send Allen-Murphy a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Allen-Murphy may use this form to file her second amended complaint if she chooses to do so.

8.      If Allen-Murphy does not wish to amend further and instead intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which

time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Allen-Murphy fails to file any response to this Order, the Court will conclude that Allen-Murphy intends to stand on her Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

10.     The Clerk of Court is **DIRECTED** to restrict access to ECF Nos. 5 and 8 to Case Participants View Only because they contain the name of a minor.

**BY THE COURT:**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

**HON. MIA ROBERTS PEREZ**