IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE ALLEN-MURPHY,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3330 |
| | : | |
| GYMONE MURPHY,<br>    Defendant. | : | |

MEMORANDUM

**PEREZ, J.**                                                                                                      **DECEMBER 15, 2025**

Plaintiff Eunice Allen-Murphy initiated this civil action in June 2025 by filing a *pro se* Complaint against her former husband, Gymone Murphy. She filed an Amended Complaint shortly after that.[1] The Court granted her motion to proceed *in forma* pauperis, dismissed the Amended Complaint in part with and in part without prejudice, and permitted leave to amend. *Allen-Murphy v. Murphy*, No. 25-3330, 2025 WL 2779335, at *1 (E.D. Pa. Sept. 29, 2025). Presently before the Court is Allen-Murphy's Second Amended Complaint filed on October 16, 2025. (*See* ECF No. 12.) For the reasons explained below, the Court will dismiss the Second Amended Complaint with prejudice.

---

[1] Allen-Murphy submitted a second amended complaint (ECF No. 8) on August 14, 2025. Under the Federal Civil Rules of Procedure, a party may amend his complaint *once* as a matter of course according to the provisions of Rule 15(a)(1), but otherwise it may only amend with an opposing party's written consent "or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Allen-Murphy did not provide written consent nor seek or obtain the Court's leave to file the second amended complaint at that point, the Court directed that it be stricken. *See Allen-Murphy v. Murphy*, No. 25-3330, 2025 WL 2779335, at *1 n.1 (E.D. Pa. Sept. 29, 2025).

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**[2]

Defendant Murphy is Allen-Murphy's ex-husband and father of their daughter. (ECF No. 12 at 3, 4.) Allen-Murphy states that she is a citizen of New Jersey and that Murphy is a Pennsylvania citizen. (*Id*. at 3.) She claims to have helped organize and fund business ventures with Murphy, including a plumbing business and water ice truck business in memory of their deceased son. (*Id*.) Allen-Murphy asserts that Murphy did not provide money to help support her daughter or "to assist with real property." (*Id*.) She maintains, without explanation, that the alleged events occurred between January 20, 2013 and August 2022. (*Id*.) A blurred photograph of a spreadsheet reflects approximately $14,800 in supposed plumbing business for what appear to be the months of January and September of 2022. (*Id*. at 9.) She also attached pictures of the water ice truck. (*Id*. at 6-8.)

Allen-Murphy's Amended Complaint submitted in July 2025 raised a due process claim under the Fourteenth Amendment and a breach of contract claim under Pennsylvania state law. *Allen-Murphy*, 2025 WL 2779335, at *2. She appeared to seek damages from the breach of the agreement with Murphy. *Id*. Upon screening under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the constitutional claim with prejudice because Murphy is not a state actor and is not liable for constitutional claims alleged pursuant to 42 U.S.C. § 1983. *Id*. at *3. With the federal claims dismissed, the Court declined to exercise supplemental jurisdiction over the state law claim and considered whether Allen-Murphy had plausibly alleged diversity jurisdiction. *Id*. at

---

[2] The factual allegations are taken from Allen-Murphy's Second Amended Complaint filed on October 16, 2025, consisting of the Court's form complaint plus additional attached pages. (ECF No. 12.) The Court may also consider publicly available dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

\*3-4. She did not allege that she and Murphy were citizens of different states, nor did she meet the amount in controversy threshold for her claims. *Id.* at \*4. Accordingly, the Court dismissed the state law claim for lack of subject matter jurisdiction with leave to amend. *Id.* The Court gave Allen-Murphy "a final opportunity to file an amended complaint that clarifies her jurisdictional allegations and alleges a plausible factual and legal basis for the breach of contract claim she wants to assert." *Id.*

In her Second Amended Complaint now before the Court, Allen-Murphy again attempts to raise a Fourteenth Amendment due process claim. (ECF No. 12 at 2.) She also cites to Pennsylvania statutes of limitations for breaches of contracts and contracts for sale. (*See id.* (referencing 42 Pa. Cons. Stat. § 5525(a) and 13 Pa. Cons. Stat. § 2725).) Allen-Murphy states that she has suffered "mental injury from stress over being terminated from the city as a police officer" and from Murphy not meeting his obligations. (*Id.* at 4.) She also cryptically alleges that she has suffered physical injuries from not having the financial assistance of Murphy. (*Id.*) Allen-Murphy seeks declaratory relief as well as $1 million in compensatory and punitive damages.[3] (*Id.*)

## II.    STANDARD OF REVIEW

As Allen-Murphy was granted *in forma pauperis* status, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Second Amended Complaint if it fails to state a

---

[3] Declaratory relief is unavailable to adjudicate past conduct, so Allen-Murphy's request for this relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at \*2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Accordingly, the request for declaratory relief is dismissed.

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Second Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in Allen-Murphy's Second Amended Complaint as true, draw all reasonable inferences in her favor, and ask only whether the Second Amended Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Allen-Murphy is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commonwealth of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). Further, the Court must dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in

federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted).

### III.   DISCUSSION

#### A.   Due Process Claim

In the Court's September 29, 2025 Memorandum, the Court explained that Defendant Murphy is not a state actor and that he is not liable for a claim asserted under 42 U.S.C. § 1983. *See Allen-Murphy*, 2025 WL 2779335, at *3 (citing *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). The Court dismissed the claim with prejudice. *Id*. Accordingly, Allen-Murphy's due process claim alleged in her Second Amended Complaint remains dismissed with prejudice for the reasons explained in the Court's prior Memoranda. *Id*.

#### B.   State Law Claim

Allen-Murphy does not clearly assert a claim under any particular state law here. She has cited to statutes of limitations for some Pennsylvania causes of action for breach of contract. (*See* ECF No. 12 at 2.) Considering her *pro se* status, the Court will liberally construe her Second Amended Complaint to allege a breach of contract claim against Murphy.[4] (*See id.* at 3.) As with her Amended Complaint, the Court will not exercise supplemental jurisdiction over her state law claim, and she must meet the criteria for diversity jurisdiction for the Court to entertain

---

[4] As the Court noted in its prior Memorandum in this case, Allen-Murphy filed another civil action against her former husband in March 2025, also alleging constitutional and state law violations. *See Allen-Murphy v. Murphy*, Civ. No. 25-1494 (E.D. Pa.). Her Second Amended Complaint in that case alleges physical abuse by Murphy. To the extent that she attempts to allege such claims in this case, they are dismissed as duplicative of the first action. *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (*per curiam*) (affirming dismissal of second pending action as duplicative); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d. 579, 589-90 (W.D. Pa. 2008) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.").

it. *Lincoln Ben. Life Co.*, 800 F.3d at 104 (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)). This time, Allen-Murphy alleges diversity of citizenship of the parties—that she is a citizen of New Jersey and Murphy is a citizen of Pennsylvania. (ECF No. 12 at 3.) She claims $1 million in damages.[5] (*Id*. at 4.) For screening purposes under § 1915(e)(2)(B), the Court will consider the claim under diversity jurisdiction.

To allege a breach of contract claim in Pennsylvania, a plaintiff must plead: "(1) the existence of a contract; (2) the essential terms of a contract; (3) a breach of a duty imposed by the contract; and (4) resultant damages." *Moravian Associations, LP v. Henderson Corp.*, No. 06-2165, 2007 WL 9812724, at *1 n.1 (E.D. Pa. June 14, 2007) (citing *Key Consolidated 2000, Inc. v. Troost*, 432 F. Supp. 2d 484, 486 (M.D. Pa. 2006)). Allen-Murphy has continued to file pleadings that contain conclusory statements lacking any factual detail, and she again fails to plead facts to state these elements. Strikingly, this is Allen-Murphy's fourth attempt at stating a breach of contract claim, yet she still has not communicated any essential terms of a purported contract that allegedly existed between the parties and how those terms were violated. In other words, there is no indication of what contractual duty was owed, when, to whom, and how a duty was breached. Allen-Murphy's breach of contract claim does not meet the minimal pleading standard despite several tries, and the claim will be dismissed with prejudice. *See Iqbal*, 556 U.S. at 678.

---

[5] There is reason to doubt that the $1 million damage claim has been made in good faith, considering that the claim is for breach of contract, punitive damages are not available, and Allen-Murphy provides no facts shedding light on how that amount was calculated. In any event, the Court cannot say "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal," and will therefore exercise jurisdiction under § 1332(a). *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because Allen-Murphy was already given an opportunity to amend the defects in her claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

BY THE COURT:

_____
**MIA ROBERTS PEREZ, J.**